# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN J. SULLIVAN, <br><br>      Plaintiff, <br><br>  v. <br><br> G. TOLENTINO, et al., <br><br>      Defendants. | 07CV2855 JHN (PJW) <br><br> **[PROPOSED] ORDER RE: STIPULATED PROTECTIVE ORDER** <br><br> **DISCOVERY MATTER** <br><br> Disc. Cut-Off: August 9, 2011 <br> Pretrial Conf: October 17, 2011 <br> Trial Date: November 15, 2011 |

  Pursuant to the parties' stipulation filed concurrently herewith, and good cause appearing therefor, **IT IS HEREBY ORDERED** that:

  1. In responding to a request for discovery, the producing party may designate for confidential treatment pursuant to this Protective Order any documents, testimony or other information the producing party considers in good faith to be, or to reflect or reveal Sensitive Information ("CONFIDENTIAL MATERIAL"). Any other party may object to such designation using the procedures noted herein.

2. For purposes of this Order, "CONFIDENTIAL MATERIAL" means and includes all non-public and confidential information or material which is produced for or disclosed to a receiving party. Such information includes, but is not limited to, the following: administrative reviews, incident commander and manager reviews, and medical injury reports. CONFIDENTIAL MATERIAL may be embodied, among other things, in physical objects, documents (whether in hard copy or computer readable form), deposition testimony, interrogatory answers, response to request for admissions and/or production, or the factual knowledge of persons ("Discovery Materials"). CONFIDENTIAL MATERIAL must be so designated by the producing party in the manner set forth hereinafter, or otherwise agreed to in writing by the parties. Documents or other disclosures designated CONFIDENTIAL MATERIAL shall be available only to those persons identified in Paragraph 7, below.

3. A receiving party may at any time request that the producing party remove the CONFIDENTIAL designation entirely. Such a request shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or other disclosure that the receiving party contends have been improperly designated as CONFIDENTIAL MATERIAL. The parties will use their best efforts to informally resolve any disputes concerning a producing party's designation.

4. If agreement cannot be reached, the receiving party may file a motion, pursuant to Local Rule 37, asking the Court to remove the CONFIDENTIAL MATERIAL designation. The producing party will have the burden of establishing the applicability of the CONFIDENTIAL MATERIAL designation to the particular document or information at issue. A failure of the receiving party to challenge a CONFIDENTIAL MATERIAL designation will not constitute a waiver of the right to assert at any subsequent time that the same has been improperly made for any reason pursuant to this Order. If such a Motion is made

Doc. # CC-250127 v.1

within 90 days from the receipt of the designated material, the designating party has the initial burden of demonstrating that the material is indeed privileged and/or protected   If such Motion is made after the 90 day period has elapsed, the moving (non-designating) party has the initial burden of demonstrating a legitimate need for modification of the designation.

     5.    CONFIDENTIAL MATERIAL shall be used solely for the purpose of prosecuting or defending this action (including any appeal) and for no other purpose.

     6.    The designation of any information disclosed through discovery in this action shall be made in the following manner:

     (a)    Any document or tangible thing containing or including any CONFIDENTIAL MATERIAL may be designated as such by the producing party by marking it with the legend "CONFIDENTIAL" near the bates number, if practical, on each page containing CONFIDENTIAL MATERIAL (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies prior to or at the time copies are furnished to the receiving party.

     (b)    With respect to deposition testimony or other pretrial testimony:

     (i)    by a statement on the record at the time of such disclosure by counsel for the deponent that such testimony is CONFIDENTIAL MATERIAL, or

     (ii)    by written notice, sent by counsel for the deponent to all counsel for all parties on or before the end of the thirty (30) days after receiving a copy of the transcript thereof;

     7.    Documents designated CONFIDENTIAL MATERIAL and information contained therein may be disclosed, summarized, described,

Doc. # CC-250127 v.1

characterized or otherwise communicated or made available in whole or in part only to the following persons:

  (a) parties to this action who have agreed to this Protective Order by signing it, directly or through counsel, and their authorized representatives;

  (b) outside counsel who represent parties in this action, and regular and temporary employees of those counsel assisting in the representation for use in accordance with this Protective Order;

  (c) the Court in this action and its staff;

  (e) any actual deponent or witness in this action;

  (f) the court reporter engaged to report a deposition in which CONFIDENTIAL MATERIAL is disclosed and any service bureau. A "service bureau" is a person, agency or organization that is independent of the parties and is engaged by counsel of record to perform clerical, copying, bate stamping, document handling, stenographic, computer data entry or other litigation support services; and

  (g) the parties' insurance carriers.

 8. The parties described above in Paragraphs 7(a)-(g) are prohibited from disclosing, summarizing, describing, characterizing or otherwise communicating material designated as CONFIDENTIAL MATERIAL, directly or indirectly, except in accordance with the terms of this Protective Order.

 9. Notwithstanding the terms of Paragraph 7, counsel may agree in writing to allow material designated as CONFIDENTIAL MATERIAL to be disclosed to a person or entity not listed in Paragraph 7. The parties agree to meet and confer in good faith in the event that a party wishes to disclose material designated as CONFIDENTIAL MATERIAL to a person or entity not listed Paragraph 7. The terms of this Protective Order apply equally to the parties themselves as to their counsel in this action.

4

10. Before any material designated as CONFIDENTIAL MATERIAL, or information contained therein, may be disclosed to any person described in subparagraph 7(c), that person shall be required to agree in writing or on the record to adhere to the terms of this Protective Order. Nothing contained in this Stipulation and Protective Order shall preclude Court officials or any certified reporter retained to transcribe depositions in this proceeding from access to designated materials during Court proceedings or depositions in this action.

11. Anyone who intends to disclose, summarize, characterize, otherwise communicate, give access to or make available CONFIDENTIAL MATERIAL to any person described in subparagraph 7(c) shall:

(a) advise the person that the material or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any other person except pursuant to the terms hereof; and

(b) require the person to commit, in writing or on the record, to abide by and be bound by the terms of this Protective Order, by for example, executing a Confidentiality Agreement substantially in the form of Attachment A hereto.

12. Counsel for any party submitting to or lodging or filing with the Court any CONFIDENTIAL MATERIAL or any paper which contains, reflects or reveals CONFIDENTIAL MATERIAL, shall apply to the Court to file all such documents under seal pursuant to Local Rule 79-5.

13. Entering into, agreeing to or producing or receiving CONFIDENTIAL MATERIAL or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission that any particular CONFIDENTIAL MATERIAL is relevant or admissible at trial, or prejudice in any way the rights of

1 | a producing party to object to the production or admissibility of any
2 | CONFIDENTIAL MATERIAL; or

        (b)    prevent the parties to this Protective Order from agreeing in writing to amend, alter or waive the provisions or protections provided for herein with respect to any CONFIDENTIAL MATERIAL.

14. This Protective Order has no effect upon, and shall not apply to any producing party's use of its own CONFIDENTIAL MATERIAL for any purpose.

15. If a document or other information is inadvertently produced without any designation of confidentiality, a party nevertheless may assert the confidentiality of the document or other information and the parties must thereafter treat the document or other information as CONFIDENTIAL MATERIAL. After such an assertion, each party shall affix the legend "CONFIDENTIAL" to each copy of the newly designated document or other information in its possession and shall make all reasonable efforts to ensure that every entity or individual to whom that party has disclosed the information also affixes the appropriate legend to each copy of the newly designated document or other information in its possession.

16. In the event of disclosure of any CONFIDENTIAL MATERIAL to a person not authorized to receive it under the terms of this Protective Order, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the producing party of all information concerning the nature and the circumstances of the disclosure. The responsible party also must promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure of such information or materials is made by anyone, and each party will cooperate in good faith in that effort.

17. In the event any additional party joins or is joined in this action, the newly joined party shall not have access to CONFIDENTIAL MATERIAL until the newly joined party, by its counsel, has executed and filed with the Court its

1 agreement to be bound fully by this Order by executing and delivering to the
2 parties hereto an agreement to be bound by its terms.
3     18.    Within thirty (30) calendar days after the conclusion of this action in
4 its entirety, all persons receiving CONFIDENTIAL MATERIAL must either return
5 such material and all copies thereof to counsel for the party that produced it, and
6 certify that fact by affidavit, or must destroy all such material in a manner that
7 ensures that such material will not be disclosed to other persons and shall certify
8 the fact by affidavit. Counsel for the parties are entitled to retain all court papers,
9 deposition and trial transcripts, exhibits used in affidavits, at depositions and at
10 trial, and attorney work product (except for certain litigation database, as set forth
11 in the third sentence in this paragraph), including materials containing, quoting,
12 discussing or analyzing CONFIDENTIAL MATERIAL, provided that such outside
13 counsel, and employees of such outside counsel, shall not disclose such court
14 papers, deposition and trial transcripts, exhibits or attorney work product to any
15 person except on reasonable notice to the producing party and pursuant to a court
16 order, or agreement by the producing party. Litigation databases (or portions of
17 databases) containing either the full text of CONFIDENTIAL MATERIAL or
18 abstracts thereof must be disposed of in accordance with the first sentence of this
19 paragraph, except to the extent such databases contain the materials described in
20 the second sentence of this paragraph. All materials returned to the parties or their
21 counsel by the Court likewise shall be disposed of in accordance with this
22 paragraph. "Conclusion of this action" means after all appeal periods have expired
23 or after the execution of a settlement among all the parties finally disposing of this
24 action.
25     19.    In the event that any person ceases to be engaged in the litigation
26 and/or settlement of this action, such person's access to documents, testimony and
27 information designated as CONFIDENTIAL MATERIAL shall be terminated.
28 However, the provisions of this Protective Order shall remain in full force and

Doc. # CC-250127 v.1

effect as to any person or party who has obtained access to documents, testimony or information designated as CONFIDENTIAL MATERIAL hereunder, except as may be specifically ordered by the Court or consented to by the producing party. In addition, any such person who ceases to be engaged in the litigation and/or settlement of this action and who has had access to documents, testimony or information designated as CONFIDENTIAL MATERIAL must return or destroy such material in accordance with Paragraph 20 of this Order.

20. CONFIDENTIAL MATERIAL and all copies or reproductions thereof in the possession of counsel shall be maintained in a secure manner with reasonable precautions taken to ensure that access is restricted to persons entitled to have such access pursuant to this Protective Order.

21. If the production of CONFIDENTIAL MATERIAL is sought by means of legal process, the recipient of the legal process shall (a) notify the originator of the CONFIDENTIAL MATERIAL and (b) cooperate with the originator of the CONFIDENTIAL MATERIAL to use all reasonable legal means to avoid production or, in the alternative, insure that production is subject to this Protective Order or similar provisions of confidentiality and non-disclosure.

22. In order to facilitate the prompt exchange of documents, the terms of this Protective Order are binding on a party immediately upon signing this Protective Order. When and if this Protective Order is entered by the Court, such entry shall be deemed retroactive to the date of execution this Protective Order signed by representatives for all parties.

23. Documents designated CONFIDENTIAL MATERIAL may be used by any party without limitation at trial. However, any party who wishes to have such documents treated as CONFIDENTIAL during trial may renew their request for confidentiality before the trial judge at the status conference and/or through a motion in limine.

Doc. # CC-250127 v.1

24. Miscellaneous

    A. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Moreover, this Stipulation and Protective Order shall not preclude or limit any party's right to seek further and additional protection against or limitation upon production of documents produced in response to discovery.

    B. Nothing in this Stipulation and Protective Order shall require disclosure of materials a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. This provision shall not, however, be construed to preclude any party from moving the Court for an order directing the disclosure of such materials where it disputes the claim of attorney-client privilege or attorney work-product doctrine.

    C. The Stipulation and Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for a modification of this Protective Order or further protective orders, or from agreeing between themselves to modification of this Protective Order.

DATED: July 14, 2011  By /s/ Patrick J. Walsh
                              HON. PATRICK J. WALSH
                              United States Magistrate Judge

# ATTACHMENT A

# CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge, that I have read a copy of the Stipulated Protective Order ("Protective Order") entered in this case (_____) on _____, 2011 and that during my participation in this case I may have occasion to read or hear confidential matters which are designed "Confidential Material." I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of the same under the provisions of such Protective Order; agree to use any such confidential matter solely for the purposes appropriate to my participation in this case; and agree to abide by said Protective Order in every respect, and to submit to the Court's jurisdiction so that my agreement may be enforced. I further understand that a violation of this Protective Order may be punishable as a contempt of court.

Dated: _____

_____
Signature

_____
Print Name

1